EARL W. BROWN, W. O. LAHRMAN, CLAUDE P. CAMPBELL, CHARLES L. HEATH and CLARKE HARPER, *Relators*, v. M. G. ROWE, Circuit Judge, *Respondent*.

Division B.

Opinion filed July 19, 1928.

*Hull, Landis & Whilehair,* for Relators;

*M. G. Rowe, in pro per.*

WHITFIELD, P. J.—In *quo warranto* proceedings wherein they were respondents, the relators here sought to disqualify the circuit judge pursuant to Chap. 9276, Acts of 1923. The circuit judge denied the application for an order stating his disqualification in the cause, and upon petition filed here this Court issued a rule of prohibition. The respondent judge demurred to the petition. A copy of the statute may be seen in State ex rel. Bank of America v. Rowe, judge, filed herewith.

In substance the transcript of the record in the *quo warranto* proceedings filed with the petition herein, shows that the disqualifying affidavits each state among other things that there is a strong feeling of political animosity between M. G. Rowe, judge, and the affiants, "and that as a result thereof the personal bias and prejudice of the said M. G. Rowe is so deeply seated in his mind that he can not remove it, and that such bias and prejudice will remain with the said M. G. Rowe throughout the trial of this cause to the great disadvantage of the above named defendants; that said affiant verily believes that many of his political enemies and the political enemies of the present administration of the affairs of the city of DeLand, Fla., and of the above named defendants, who are personal friends

of the said M. G. Rowe, have talked with the said M. G. Rowe about this cause in the hope of poisoning the said M. G. Rowe's mind against the above named defendants in this cause, and that the said M. G. Rowe has stated that "Things are not just right and I am going to pull the shirt off (meaning from the above named defendants in this cause) and it might take the hide (meaning of the above named defendants in this cause) with it," and that by reason thereof the said M. G. Rowe is incapable of rightly seeing the justice of this cause or of impartially enforcing the rights involved as between the plaintiff and the above named defendants in this cause, and that said judge has formed an adverse opinion as to the titles of the above named defendants in this cause to their said offices and now entertains the belief that there is no meritorious defense to the charge made in the information in this cause; that these defendants are reliably informed and believe and therefore aver that the same political influence which was instrumental in instigating the charge now pending against these defendants is also directing and dictating the court in the prosecution of this cause and will dictate, dominate and direct the said M. G. Rowe in the trial of this cause; that affiant therefore positively says he will not receive a fair trial in the above styled court where the above cause is pending on account of the prejudice and bias of the said Hon. M. G. Rowe, judge of said court, against the above named defendants in this cause; that the cause for the failure to file this affidavit and to make an affidavit for disqualification not less than ten days before the beginning of this term of court is due to the fact that the writ of *quo warranto* against the defendants in this cause was not issued until long after the beginning of said term and was not returnable until the 4th day of June, A. D. 1928, and that the cause for the failure to file this affidavit and to make an

affidavit for disqualification since said time is because some of the facts alleged and set forth in this affidavit did not come to the knowledge of these defendants until within the past two or three days.''

The disqualifying affidavits are in·substance and legal effect sufficiently supported by accompanying affidavits and certificate that are required by the statute.

The judge made an order to the effect that the application to disqualify was not duly made and does not set forth grounds or reasons why an order of disqualification should be made.

The quoted statements in the affidavits taken in connection with the other facts and circumstances stated in the affidavits, being admitted by demurrer, are legally sufficient to show disqualifying prejudice of the judge against the affiants who are parties in the *quo warranto* proceedings, within the meaning and intent of the statute. Chap. 9276, Acts 1923; Sec. 4341, Compiled General Laws 1927. See Hirsch v. McDonald Furniture Co., — Fla. —, 114 So. R. 517; Saurez v. State, — Fla. —, 115 So. R. 519.

Where a statutory disqualification is sufficiently alleged, the judge should not adjudicate the case.

The demurrer to the petition is overruled.

ELLIS, C. J., AND TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.