422 So.2d 93 (1982)
Elston THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-581.
District Court of Appeal of Florida, Second District.
November 24, 1982.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
*94 OTT, Chief Judge.
Appellant was indicted for burglary when he was fifteen years old. He moved to dismiss the indictment on the ground he could not be tried as an adult on an indictment for the crime charged. When this motion was denied, appellant entered a plea of no contest, reserving the right to appeal the court's ruling. He was sentenced to prison to be followed by probation. The court recommended that he be incarcerated in an institution for youthful offenders.
The court below relied upon an earlier decision in which we denied prohibition without opinion where the court below had denied a similar motion under substantially identical circumstances. State ex rel. Bobst v. Adams, 377 So.2d 180 (Fla. 2d DCA 1979). Since our denial of prohibition could have rested on reasons other than the merits of the jurisdictional question, Bobst cannot be considered as a prior adjudication by this court that the circuit court has jurisdiction. See Public Employees Relations Commission v. District School Board of DeSoto County, 374 So.2d 1005, 1010-1011 (Fla. 2d DCA 1979).
In Whidden v. State, 374 So.2d 543 (Fla. 2d DCA 1979), this court took the position that grand jury indictment of a juvenile for a crime that is neither a capital offense nor punishable by life imprisonment cannot directly confer jurisdiction on the adult criminal division. Subsequent decisions have held that an indictment cannot substitute for a petition alleging delinquency except where it charges a crime punishable by death or life imprisonment. Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA 1980); see State v. Cain, 381 So.2d 1361, 1363-1364 (Fla. 1980).
We, therefore, VACATE the sentence, REVERSE the conviction, and REMAND the cause for further proceedings consistent herewith.
HOBSON and RYDER, JJ., concur.