498 So.2d 1279 (1986)
Scott B. BING and Mary Ellen Bing, His Wife, Albert P. McGarity, Linda G. Zingle, David W. Thompson and Kathryn D. Thompson, His Wife, Appellants,
v.
A.G. EDWARDS & SONS, INC., a Delaware Corporation Doing Business in Florida, Appellee.
No. 85-2840.
District Court of Appeal of Florida, Fourth District.
October 22, 1986.
Rehearing Denied January 8, 1987.
Louis B. Vocelle, Jr., of Moss, Henderson & Lloyd, P.A., Vero Beach, for appellants.
Roger W. LaJoie, of Sullivan, LaJoie & Thacker, Vero Beach, for appellee.
GLICKSTEIN, Judge.
This is a third appearance of this case before the court; and the parties are still at the starting line or lines. The first was A.G. Edwards & Sons, Inc. v. Bing, 446 So.2d 134 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 885 (Fla. 1984), which explains itself. The second, Case No. 85-124, resulted in a pro forma order, denying certiorari. The issue before the court in that instance, whether or not to grant certiorari, arose out of the trial court's order of December 17, 1984, granting the present appellants' motion to rehear the trial court's original order which compelled arbitration. The trial court granted the motion for rehearing and made two relevant findings; namely, (a) that Oppenheimer & Co. v. Young, 470 U.S. 1078, 105 S.Ct. 1830, 85 L.Ed.2d 131 (1985), was now controlling, citing to Ingerson v. State Farm Mutual Automobile Insurance Company, 272 So.2d 862, 864 (Fla. 3d DCA 1973); and (b) that appellee's memorandum had authorized appellants to resolve the disputes by litigation rather than arbitration. After this court denied certiorari, the supreme court declined to review.
While appellee was seeking review in the supreme court of this court's decision which denied certiorari, it also sought rehearing in the trial court of the order of December 17, 1984, which had granted rehearing of the trial court's original order. The trial court granted appellee's motion on November 22, 1985, directing the parties to proceed with arbitration under the auspices of the New York Stock Exchange, Inc. This appeal followed. There are two issues:
1. Did the trial court err in vacating the order of December 17, 1984, when that order had been previously reviewed by both this court and the supreme court?
*1280 2. Did the trial court err in granting the motion for rehearing to compel arbitration, in that A.G. Edwards had filed a written waiver of any right to arbitration?
We conclude that the trial court did not err as to either.
Appellants' contention with respect to the first issue is that the trial court's non-final order of December 17, 1984, was reviewed by this court and the supreme court; thus, the trial court could not reconsider the subject of the order after such review. We disagree, as denial of certiorari without opinion is not review on the merits. There was no "law of the case" established by such review.
Further, it is important to note that the December 17, 1984, order finding arbitration was not necessary was a non-final order. In Motorola Communications and Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042, 1042 (Fla. 4th DCA 1983), this court noted that a trial court can correct its nonfinal orders prior to final judgment. In Motorola this court cited to Tingle v. Dade County Board of County Commissioners, 245 So.2d 76 (Fla. 1971), and Keathley v. Larsen, 348 So.2d 382 (Fla.2d DCA 1977), cert. denied, 358 So.2d 131 (Fla. 1978). See also Ingerson v. State Farm. Additionally, of course, any ruling by the court which was not addressed when this court and the supreme court denied certiorari, would be subject to review on appeal.
Appellants' second contention is that the issue of appellee's waiver of arbitration was settled by the trial court's non-final order of December 17, 1984. We disagree for two reasons. First, as pointed out above, the trial court can correct its non-final orders prior to final judgment. Second, appellee's memorandum does not waive arbitration across the board. It provides:
Our records indicate that you may have signed an agreement with A.G. Edwards & Sons, Inc. which contains an arbitration clause. The Securities and Exchange Commission (SEC) recently published Rule 15c 2-2 which deals with arbitration clauses in customer agreements. This Rule also requires that we make the following disclosure:
Although you have signed a customer agreement form with A.G. Edwards & Sons, Inc., which states you are required to arbitrate any future dispute or controversy that may arise between us, you are not required to arbitrate any dispute or controversy which arises under the Federal Securities Laws, but instead can resolve any such dispute or controversy through litigation in the courts. [Emphasis added.]
As can be seen, the waiver of arbitration affects disputes arising under the Federal Securities Law. This case does not involve the Federal Securities laws; therefore there is no waiver of arbitration.
We decline to consider the argument which appellants raised for the first time in their notice of supplemental authority. See Estate of Conger v. Conger, 414 So.2d 230 (Fla.3d DCA 1982); Florida Rule of Appellate Procedure 9.210(g) and its committee note. Accordingly, we affirm.
HERSEY, C.J., and LETTS, J., concur.