496 So.2d 977 (1986)
Bertrand OBANION, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2230.
District Court of Appeal of Florida, Third District.
November 4, 1986.
Weiner, Robbins, Tunkey & Ross and Peter Raben, Miami, for appellant.
*978 Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
HUBBART, Judge.
This is an appeal by the defendant from a judgment of conviction and sentence for the crime of manslaughter entered after an adverse jury verdict below. The dispositive question presented for review is whether the trial court erred in denying a defense motion to discharge the defendant under the Florida speedy trial rule. For the reasons which follow, we conclude that the trial court so erred and reverse with directions to discharge the defendant.

I
The facts pertaining to the above issue are undisputed. On August 8, 1983, the defendant Bertrand Obanion was arrested for the murder of Charles Larkins, and, on August 25, 1983, was formally charged by information with second-degree murder in the Circuit Court for the Eleventh Judicial Circuit of Florida. After certain procedural skirmishes not relevant here, the defendant Obanion filed a motion for discharge under Fla.R.Crim.P. 3.191 [the speedy trial rule], which, on September 18, 1984, the trial court denied; no one questions the propriety of this ruling. At that time, however, the trial court correctly noted that the defendant Obanion was required to be brought to trial within ninety days thereafter under the Florida speedy trial rule. See Fla.R.Crim.P. 3.191(d)(3)(iv). The defendant Obanion was, in fact, never brought to trial within this time period which sets the stage for the speedy trial issue presented in this case. During the ninety-day speedy trial period stated above [September 18  December 17, 1984], the following events transpired.
On October 15, 1984, the trial court set a trial date of November 26, 1984  the sixtyninth day of the new speedy trial period. On November 16, 1984, the defendant Obanion amended his previously filed list of witnesses to include one additional witness. He also, on November 26, 1984, filed a motion to suppress his statements to the police, together with a notice of hearing for 1:00 P.M., November 26, 1984  the scheduled trial date. Plea negotiations were discussed, and the prosecuting attorney indicated that the state would make an offer to the defendant Obanion in a week or two.
On November 26, 1984, when the case was called for trial, the parties announced to the court that they had reached a plea negotiation impasse. The defendant Obanion was willing to plead guilty to the lesser offense of manslaughter if he would receive a five-year sentence; the state was willing to reduce the charge to manslaughter, but wanted a ten-year sentence. The trial court suggested that the parties "split it down the middle and give him [the defendant] seven [years]." When the state declined to lower its "ten year" offer, defense counsel asked the court to accept an open plea to the court with an assured five-year sentence. The trial judge declined an "open plea" and shifted the plea negotiations back to the state, stating:
"THE COURT: I take the position I do not get involved with homicides.
So why don't I set it over for tomorrow morning and why don't you [prosecuting attorney] go upstairs to your people and ask about manslaughter and seven [years] or second [degree murder] and seven [years].
[PROSECUTING ATTORNEY]: They won't. I can go, but  all they are going to allow is what was said. I can go back, but 
THE COURT: Okay. It is a triable case, if he wants to roll the dice.
[DEFENSE COUNSEL]: It is a triable case, and obviously there are some down points for the defense. There are some bad points with the State, and they are going to have to come in and rely on the defendant's statement. That is not much for them to go on.
THE COURT: Okay. I will set it over for tomorrow morning.

*979 (Thereupon, the proceedings were concluded.)"
The next day, it was announced that a negotiated plea had not been reached by the parties. The case was noted for trial and, when not reached that trial week, on Friday, November 30, 1984, a new trial date was announced:
"THE COURT: Bertrand Obanion.
We might as well reset it while Mr. Siegel is here.
[PROSECUTING ATTORNEY]: I don't have a really good time.
I guess whatever.
THE COURT: January 14th.
(Thereupon the proceedings were concluded.)"
The reset trial date was well past the ninety-day speedy trial period, and, on December 19, 1984, the defendant Obanion filed a second motion for discharge for failure to bring him to trial within the required ninety-day period established by Fla.R.Crim.P. 3.191(d)(3)(iv). The trial court entered a lengthy order finding that the defendant Obanion was not continuously available for trial during the aforesaid ninety-day period, and, accordingly, denied the motion for discharge under Fla.R. Crim.P. 3.191(d)(3)(iii). The defendant Obanion then filed a petition for a writ of prohibition in this court raising the same speedy trial claim as was raised in the trial court. This court ordered a response and stayed the trial. After the state filed a response and the defense filed a reply, this court, on April 18, 1985, entered the following order:
"Following review of the response and the reply to the petition for writ of prohibition, it is ordered that said petition is hereby denied."
The case was thereafter tried below, and the trial court reduced the charge to manslaughter at the close of all the evidence. The jury found the defendant Obanion guilty of manslaughter, and a sentence of eight years imprisonment was ultimately imposed. This appeal follows.

II
The defendant Obanion contends that the trial court committed reversible error in denying his second motion for discharge filed below. Without dispute, he was not brought to trial within ninety days of the denial of his first motion for discharge as required by Fla.R.App.P. 3.191(d)(3)(iv). On its face, then, it would appear that the defendant has presented a prima facie claim that his motion for discharge should have been granted below based on the controlling authority of Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980); Jay v. State, 443 So.2d 186 (Fla. 3d DCA 1983). To avoid this inevitable result, however, the state urges two positions. First, the state contends that the denial of the defendant's petition for a writ of prohibition establishes, as the law of the case, that the defendant's speedy trial rights were not violated below. Second, the state contends that the defendant was, for various reasons, not continuously available for trial during the subject ninety-day speedy trial period, and, consequently, his motion for discharge was properly denied under Fla.R.Crim.P. 3.191(d)(3)(iii). Both parties agree that if the state is correct in either position, the defendant's speedy trial claim must be rejected; on the other hand, all agree that if the state's positions have no merit, a reversal and discharge is required in this cause. We, accordingly, must carefully examine both of the state's positions in this matter.

A
At the outset, we are met with the state's law of the case argument based on our prior denial of the defendant's petition for writ of prohibition which raised the same speedy trial claim as is raised in the instant case. It is urged that by denying the defendant's prohibition petition, we passed on the merits of the defendant's speedy trial claim and rejected the said claim. That being so, the state urges that the defendant is precluded by law of the case principles from relitigating the same speedy trial claim.
*980 We turn, first, to the applicable law on this issue. It has been held that a denial of a petition for a writ of prohibition based on a claimed speedy trial violation does not constitute a ruling on the merits of the claim where the denial could have rested on other grounds, and, if this be the case, the denial of the petition does not constitute a law of the case bar to the defendant raising the speedy trial claim on an appeal from the final judgment of conviction. Thomas v. State, 422 So.2d 93, 94 (Fla. 2d DCA 1982); see Cappetta v. State, 471 So.2d 1290, 1291 (Fla. 3d DCA) (following Thomas), pet. for review denied, 480 So.2d 1296 (Fla. 1985). In this court, an order denying a petition for a writ of prohibition, as here, has traditionally covered a variety of grounds, including: (1) a technically defective petition, (2) insufficient supporting record, (3) undue delay by the petitioner in filing the petition on the eve of trial, and (4) an otherwise non-meritorious claim presented by the petition. This being so, it follows that past denials of a petition for a writ of prohibition by this court do not necessarily constitute a ruling on the merits of the petition, as the denial could have rested on procedural or other nonmerit grounds. We acknowledge, however, a certain looseness in our past practices and, accordingly, we serve notice to the bench and bar that in the future a denial of a petition for a writ of prohibition will, in fact, be a ruling on the merits, unless otherwise indicated.
Turning now to the case at bar, it is plain that this court's prior denial of the defendant's petition for a writ of prohibition could have rested on grounds other than the merits of the claim. This court's order denying relief states no grounds for the denial of the petition, and, given our past practices, it is therefore impossible to infer what those grounds were. The state invites us to infer that the only possible ground for the denial was that the speedy trial claim presented had no merit because the state's response filed in the cause presented arguments which went solely to the merits of the speedy trial claim. It does not follow, however, that we accepted any of those arguments in denying the subject petition as a court is always privileged to deny a prohibition petition based on any reason appearing in the record, even though not raised by the respondent. See Stuart v. State, 360 So.2d 406, 408 (Fla. 1978). We accordingly conclude that the prior denial of the defendant's petition for a writ of prohibition does not, in view of our past practices, constitute a law of the case bar to the defendant's speedy trial claim presented on this appeal. We again caution, however, that in the future such a denial, unless otherwise indicated, will constitute an adjudication on the merits.

B
We turn now to the state's position that the defendant was not continuously available for trial during the subject ninety-day period after his first motion for discharge was denied. The state argues that this is so primarily because the defendant, in effect, sought a one-day continuance in the cause on November 26, 1984, so that he could engage in further plea negotiations with the state. We cannot agree. Defense counsel at no time requested a continuance on November 26, 1984; it was the trial court which, sua sponte, put the case over for one day so that the prosecuting attorney could check with his superiors about lowering the state's plea offer. It is true that defense counsel all along was attempting to plea negotiate this case short of trial, but this is of no moment as it is well settled that defense participation in plea discussions does not, without more, constitute unavailability for trial under the speedy trial rule. Stuart v. State, 360 So.2d at 410; Fulk v. State, 417 So.2d 1121, 1124 (Fla. 5th DCA 1982); Ballard v. Kaney, 397 So.2d 1042, 1042 (Fla. 5th DCA 1981); State v. Bragg, 367 So.2d 1066, 1067 (Fla. 4th DCA 1979).
The state also argues that the defendant Obanion was unavailable for trial during the ninety-day speedy trial period [September 18  December 17, 1984] because (a) he filed an amended witness list, *981 adding an additional witness, on November 16, 1984, and (b) he filed a motion to suppress his statements to the police on November 26, 1984, and noticed the motion for hearing on the same day, which was the scheduled trial date. Again, we cannot agree. Neither of these pleadings indicates in the slightest that the defendant was not ready for trial prior to their filing.
The addition of one witness to a previously filed defense list, supplied to the state under the defendant's continuing duty to disclose under Fla.R.Crim.P. 3.220(f), meant only that the defendant had discovered an additional witness to call at trial, not that he was unprepared for trial without that witness. True, the defendant may have been better prepared to go to trial with this additional witness, but there is no showing in this record that the defendant was unprepared for trial without this witness. As for the filing of the motion to suppress which was noticed for hearing at the time of trial, the state at no time objected to hearing the motion to suppress at the time of trial. Indeed, this is common practice in cases of this nature in the Eleventh Judicial Circuit, as it is considered part and parcel of the trial proceedings. This being so, the filing of the motion to suppress in no way delayed the proceedings or indicated that the defendant was unprepared or unavailable for trial. As the Florida Supreme Court has stated, "the mere filing of a motion to suppress is not tantamount to a finding of law that the speedy trial demander does not have a bona fide desire to obtain trial, that he is not prepared and will not be prepared for trial." State v. Embry, 322 So.2d 515, 518 (Fla. 1975); see Perry v. State, 436 So.2d 426, 428 (Fla. 1st DCA 1983).
Finally, we address a point relied on by the trial court to support its finding of defense unavailability, although the point is not pressed by the state on this appeal. The trial court concluded that because the assistant public defender in this case represented another defendant in an unrelated probation revocation hearing before the same trial judge on November 26, 1984, the scheduled trial date, the defendant Obanion was not available for trial on that date. We cannot agree. In fact, the case at bar had already been set over to November 27, 1984, at the request of the trial court, when the above-stated probation revocation hearing began. This being so, the defendant Obanion was in no sense made unavailable for trial by his counsel's participation in this hearing. Beyond that, the speedy trial rule would be hollow indeed for a Public Defender client, as here, if the rule could be obviated by the simple expedient of scheduling for trial on the same day before the same trial judge a series of Public Defender cases represented by the same assistant public defender, a not infrequent occurrence in the Eleventh Judicial Circuit. Where, as here, one of those cases is tried and others continued by the court because of a crowded trial calendar, it does not follow that the hapless public defender clients who are not so tried have by some cruel fiction waived their speedy trial rights by being unavailable for trial.

III
For the above-stated reasons, we conclude that the defendant Obanion was not brought to trial within ninety days after the denial of his first motion for discharge, as required by Fla.R.Crim.P. 3.191(d)(3)(iv). Because the defendant was continuously available for trial during this time and in no way delayed the trial or waived his speedy trial rights, he was entitled to discharge pursuant to his timely motion made below. Moreover, our prior denial of the defendant's petition for a writ of prohibition in this case does not constitute a res judicata bar to the speedy trial claim raised. The trial court, accordingly, committed reversible error in denying the defendant Obanion's second motion for discharge under the speedy trial rule. This being so, it is unnecessary for us to reach the defendant's second point on appeal concerning the admissibility of his confession.
The final judgment of conviction and sentence under review is reversed and the *982 cause is remanded to the trial court with directions to discharge the defendant from the cause.
Reversed and remanded; defendant discharged.