# STATE OF FLORIDA v JONES

## Case Nos. 87-207405 TT A02 and 87-207407 TT A02

County Court, Palm Beach County

May 25, 1988

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Phyllis Malinski,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CASE WAS BEFORE THE COURT, pursuant to the Defendant's motion to discharge and the Court having heard argument of Counsel, hereby denies the motion.

This case presents a very interesting issue that is likely to recur as our criminal dockets continue to swell. On December 31, 1987, this case was before the Court for Calendar Call, to be specifically scheduled for trial the following week. The Defendant's right to a speedy trial had not been waived and therefore he had to be tried the week of

January 4th, or be forever discharged. The Defendant's case was set, without objection for Monday, January 4, 1988 as the second case. Apparently, at an earlier date, the case of *State v Bennett,* a case in which speedy trial had also not been waived, had been set as the first case for the same day. It turns out that the same Assistant Public Defender represented both Defendants. Although the Attorney in question states that this conflict was made known to the Court during Calendar Call, the record of that hearing does not bear this assertion out and the Court does not independently recall being so advised.

The Court's well known procedure was to set cases for trial on specific days in the following order. The first case to announce ready is set for Monday, the second case is set for Tuesday, the third Wednesday, and so on until each day has one scheduled case. Then the sixth case is set number two for Monday, and so on until each day has an equal number of cases set. If either counsel suggests a conflict or preference for a given day, they are accommodated, if possible. On the day of trial all cases are called and given priority for trial based upon such criteria as their age, speedy trial, etc. Frequently, all cases are reached as some settle prior to trial or another Judge offers to help. If a case is not reached for trial, it is continued.

On January 4, both cases were called for trial, and Judge Gross offered to try one while this Court tried the other. The Assistant Public Defender made known her conflict and refused to ask another Assistant to pick a jury in either of the cases. Therefore, the above case was continued, with the continuance attributed to the Defense (the State and the Court being ready to try both cases).

On February 25th, a timely motion to discharge was heard. The Court reserved ruling on the issue in order for the Defense to obtain a transcript of the Calendar Call hearing. The Defense cited *Obanion v State,* 496 So.2d 977 (3d DCA, 1986) which stated in Dicta, that the Court could not place the Defense in a conflict between having to try two cases at the same time, thereby causing an implied waiver of speedy trial.

In the present case, this Court agrees that the principles stated in *Obanion* should prevent this Court, or any other Court, from knowingly placing an Attorney in an impossible conflict position. If the Court had been made aware of the conflict at Calendar Call, a discharge would not be in order. However, as previously stated, the Court does not recall, nor is there a record that the Court was ever made aware of this problem.

On December 31, at the time of Calendar Call, there were more than

12

1200 cases pending trial in the division. There is no way that the Court could possibly have been aware of the speedy trial status of each case and which Defendants were being represented by which Attorneys. Each Attorney is in the best position to know their cases, their schedules, and all possible conflicts. When this information is not conveyed to the Court at Calendar Call, the Attorney should not expect a discharge when unable to proceed, having remained silent in the face of an impending conflict.

DONE AND ORDERED, this 25th day of May 1988 at West Palm Beach, Florida.

---

JONES v STATE OF FLORIDA and All County Judges Case No. 89-016 CA (A) 02 "T" Fifteenth Judicial Circuit, Division of Appeals, Palm Beach County March 17, 1989

Before Cohen, Carlisle, Miller, JJ.

### ORDER DENYING PETITION FOR WRIT OF PROHIBITION AND/OR WRIT OF CERTIORARI AND DIRECTIONS TO CLERK

THIS CAUSE came on to be heard before the Appellate Panel of the Circuit Court, Criminal Division, with oral argument waived on the 16th day of March, 1989.

The Court has reviewed the Petition and record. It is

ORDERED AND ADJUDGED that the Petition for Writ of Prohibition and/or Writ of Certiorari be and the same is hereby denied.

The Court finds the Order entered by the Honorable Robert S. Schwartz, County Judge, on May 25, 1988 (filed with the Clerk May 26, 1988) is correct in denying the Motion to Discharge.

The comments of the trial Court from the transcript of January 4, 1988 at page 5 succinctly states the position of this Court as well:

" . . . I don't see how this delay can be attributed to any one other than the defense, not being able to try the case today because of a conflict.

You have a conflict between two cases, just like any defense attorney who might not be in the Public Defender's Office who can't be in two places at once. That conflict is not in any way attributable to any one else but the defense. . . ."

This cause is hereby remanded to the County Court, Criminal Division, for trial and the Clerk of the County Court, Criminal

Division, shall set this cause for trial forthwith and notice all interested parties.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida this 17th day of March, 1989

Honorable James T. Carlisle, Jr. and

Honorable Michael Miller, concur.