586 So.2d 1282 (1991)
Staffan R.B. NORDQVIST, M.D., Appellant,
v.
Rebeca NORDQVIST, Appellee.
No. 91-163.
District Court of Appeal of Florida, Third District.
October 1, 1991.
*1283 Kluger, Peretz, Kaplan & Berlin, and Marcia Soto Conner, Miami, for appellant.
Robert H. Crary, Jeanne Heyward, Miami, for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
Because we previously denied without qualification the husband Staffan R.B. Nordqvist's petition for a writ of prohibition and therefore passed on the merits of the petition and necessarily rejected his position asserted therein that the trial court had no jurisdiction to entertain the wife Rebeca Nordqvist's motion for attorney's fees below, we are bound by the doctrine of law of the case to reject the husband's reiteration of this position in the instant appeal from the trial court's order granting the wife's motion for attorney's fees. In Obanion v. State, 496 So.2d 977, 980 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987), we addressed an argument that this court's denial of a petition for writ of prohibition without opinion constituted a decision on the merits thereby precluding, under the law of the case doctrine, the petitioner/appellant from relitigating upon plenary appeal from the final judgment the issue raised in the unsuccessful petition. Acknowleging various procedural bases for denials of petitions for writs of prohibition and the "certain looseness in our past practices" regarding denials of such petitions without opinion, we declined to apply the law of the case doctrine, but "we serve[d] notice to the bench and bar that in the future a denial of a petition for a writ of prohibition will, in fact, be a ruling on the merits, unless otherwise indicated." Id.[1]See Reyes v. State, 554 So.2d 625 (Fla. 3d DCA 1989), rev. denied, 562 So.2d 346 (Fla. 1990); Freeman v. State, 554 So.2d 621 (Fla. 3d DCA 1989), rev. denied, 562 So.2d 345 (Fla. 1990); Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987); Florida Audubon Soc'y v. Ratner, 497 So.2d 672, 674 (Fla. 3d DCA 1986), rev. denied, 508 So.2d 15 (Fla. 1987). For that reason, the order awarding attorney's fees for the wife is, in all respects,
Affirmed.
NOTES
[1] The Obanion rule supersedes prior law developed in this district in response to our previous loose practices regarding denials of petitions without opinion, cf. American Federation of Government Employees v. DeGrio, 454 So.2d 632 (Fla. 3d DCA 1984) (example of the result of our prior practices; refusing res judicata effect to denial of petition without opinion in absence of affirmative appearance that denial was on the merits or that a merits determination was the sole possible ground for denial), aff'd on other grounds, 484 So.2d 1 (Fla. 1986); Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 651 n. 6 (Fla. 3d DCA 1982) (same), by clarifying that all future denials are to be considered merit determinations (to which law of the case attaches) unless the court otherwise indicates.