600 So.2d 44 (1992)
Anthony DeGennaro and Claudia DeGennaro, Appellants,
v.
JANIE DEAN CHEVROLET, INC., a Florida corporation, Dale Sorensen Real Estate, Inc., and Olga Lacey, Appellees.
No. 91-0022.
District Court of Appeal of Florida, Fourth District.
June 17, 1992.
Arthur J. England, Jr., and Linda Ann Wells of Fine Jacobson Schwartz Nash Block & England, Miami, for appellants.
Richard M. Goldstein and Susan E. Trench of Goldstein & Tanen, P.A., Miami, for appellee-Janie Dean Chevrolet, Inc.
PER CURIAM.
AFFIRMED.
GLICKSTEIN, C.J., and POLEN, J., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, specially concurring.
I concur in the majority's affirmance and write separately only on the issue of whether this court's previous denial of an application for prohibition bars relitigation in this appeal of the judicial disqualification issue earlier raised by prohibition. I would adopt the position of the Third District set out in Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987), to that effect.
In Obanion, the Third District held that the denial of prohibition on a speedy trial claim would bar the relitigation of the speedy trial claim on plenary appeal. In my view this view is sound since the Florida Supreme Court has held that the district courts must afford defendants relief by prohibition on speedy trial claims. Pursuant to Sherrod v. Franza, 427 So.2d 161 (Fla. 1983), district courts have no choice but to consider prohibition applications in speedy trial cases on their merits.
Similarly, the Florida Supreme Court has held that prohibition in the district courts is the appropriate remedy to review trial court orders denying applications to disqualify a trial court judge. In Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978), the court held:
Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy. Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1928). Accordingly, the writ of prohibition must issue directing respondent to disqualify himself in all proceedings presently pending *45 against the petitioner. We assume, however, that the formal issuance of the writ will be unnecessary.
This court, of course, follows the above holdings of the Supreme Court and addresses the merits of the issues raised in applications for prohibition on speedy trial or disqualification grounds.
While much scholarly work has been devoted to addressing the historical roots and narrow circumstances in which the writ should be used, the bottom line is that the district courts must and do recognize the writs as appropriate vehicles in these kinds of cases. Cf. English v. McCrary, 348 So.2d 293 (Fla. 1977). That being the case, there is no legal or other basis for a second review of these issues on plenary appeal. Unless an order or opinion denying prohibition indicates to the contrary, such a ruling should constitute the law of the case on the issue raised. Judicial resources, already heavily taxed, are hardly efficiently allocated when they are used to twice review the same issue.
We have already decided the issue of judicial disqualification by our previous denial of prohibition. I would hold that the denial bars a second review of the issue in this appeal.