PER CURIAM.
This is an appeal by the state from a final order of the circuit court granting a petition for a writ of prohibition in a county court misdemeanor case in which the defendant was charged with battery. The legal basis for granting the petition was that the defendant’s speedy trial right under Florida Rule of Criminal Procedure 3.191 was violated. We affirm.
This court’s decision in Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), review denied, 504 So.2d 768 (Fla.1987) prohibits an indigent’s speedy trial right from being circumvented by scheduling the trial of a series of indigent defendants for the same date. In the instant case, on the date of trial with both sides present and ready to begin, the state argued Jorge Alvarez was not entitled to a jury trial, although he had requested the same some three months earlier. The trial judge, wanting time to consider the issue, over defense objection, reset the case to the last day of the speedy trial window period two days later where the trial court was aware of the fact that the same assistant public defender had another defendant with an expiring speedy trial period scheduled for trial the same day, and where an administrative order from the chief judge mandated that the other defendant be given priority over Alvarez’ case.
Defense in the instant case was continuously available for trial. Thus, distinguishing the case sub judice from State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993), where defendant’s trial had been set for more than two weeks, when the morning of trial his counsel announced for the first time that he could not try the case because he was scheduled for trial before another judge. Further, counsel in Frazee rejected the suggestion that the case be tried later that night, stating that he would be fairly well exhausted by that time. Here, as the circuit judge concluded in his order granting the writ, “The defense counsel did everything professional and ethical to advise the court of problems and problems could have been avoided.” We agree.
Accordingly, following the precepts of Obanion, we affirm the order granting the issuance of the writ.