689 So.2d 1249 (1997)
Danny HOBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1876.
District Court of Appeal of Florida, Fourth District.
March 19, 1997.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Carrion, Assistant Attorney General, West Palm Beach, for appellee.

En Banc
KLEIN, Judge.
We affirm appellant's convictions of armed sexual battery and armed burglary, but grant en banc consideration to clarify the issue of whether a denial of a petition for writ of prohibition becomes the law of the case.
During appellant's first trial the sixty-seven year old victim testified as to how appellant sexually assaulted her; however, the court declared a mistrial. When the victim was informed that she would have to testify again, she advised the prosecutor that she was not sure whether she could go through it again.
Prior to the second trial, the victim left the state, and her daughter advised the prosecutor that her mother was ill and unable to testify at that time. The appellant had demanded a speedy trial, and the court, having found that the State had made diligent efforts to secure the victim's attendance, extended the speedy trial period. There were several hearings after which the court granted further extensions, and during that period before the second trial, appellant filed a petition for writ of prohibition grounded on his speedy trial claim. We denied it without opinion.
The state was never able to procure the attendance of the victim at appellant's second trial; however, her testimony from the first trial was read to the jury, and he was convicted. His first point on appeal is that he was improperly denied a speedy trial discharge, and the State responds that our previous denial of his petition for writ of prohibition bars relitigation of this issue because it is the law of the case.
*1250 We said in Petrullo v. Petrullo, 604 So.2d 536 (Fla. 4th DCA 1992) that a "denial of a writ without opinion cannot be the law of the case." In Petrullo we had denied a petition for writ of prohibition without opinion; however, the only authority we cited for our statement was Bing v. A.G. Edwards & Sons, Inc., 498 So.2d 1279 (Fla. 4th DCA 1987). In Bing certiorari had been denied without opinion, and denying certiorari without opinion is not the same as denying prohibition without opinion.[1]
On a petition for certiorari, no matter how clear the error of a trial judge may be, we do not have jurisdiction so long as the petitioner has an adequate remedy on appeal. The vast majority of petitions for certiorari are dismissed because there is an adequate remedy on appeal. There is no similar jurisdictional hurdle, separate and apart from the propriety of the action of the trial court, when an appellate court reviews a petition for writ of prohibition.
Prohibition is the process by which a superior court prevents a lower tribunal from exceeding its jurisdiction. DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957). If the lower court is erroneously proceeding in excess of its jurisdiction, the writ must be granted. As our supreme court said in Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978):
Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy. Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1928). Accordingly, the writ of prohibition must issue directing respondent to disqualify himself in all proceedings presently pending against the petitioner.
In DeGennaro v. Janie Dean Chevrolet, Inc., 600 So.2d 44 (Fla. 4th DCA 1992), in which the majority affirmed without opinion, this court had earlier denied a petition for writ of prohibition. Judge Anstead, in a specially concurring opinion, observed that district courts of appeal must consider petitions for writs of prohibition on their merits in disqualification cases (citing Bundy), and speedy trial claims (citing Sherrod v. Franza, 427 So.2d 161 (Fla.1983)). He concluded that the earlier denial barred a second review on final appeal:
While much scholarly work has been devoted to addressing the historical roots and narrow circumstances in which the writ should be used, the bottom line is that the district courts must and do recognize the writs as appropriate vehicles in these kinds of cases.... That being the case, there is no legal or other basis for a second review of these issues on plenary appeal. Unless an order or opinion denying prohibition indicates to the contrary, such a ruling should constitute the law of the case on the issue raised. Judicial resources, already heavily taxed, are hardly efficiently allocated when they are used to twice review the same issue.
DeGennaro at 45.
The third district resolved the problem in Obanion v. State, 496 So.2d 977, 980 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987), when it recognized a "certain looseness" in how it had treated denials of prohibition in the past, and announced that in the future a denial of a petition for writ of prohibition, unless otherwise indicated, would be a ruling on the merits. Subsequently in Barwick v. State, 660 So.2d 685, 691 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996), the Florida Supreme Court observed: "We approve of the procedure adopted by the Third District in Obanion and advocated by Justice Anstead's concurring opinion in DeGennaro as to the effect of the denial of a petition for writ of prohibition in those district courts, ..."[2]
*1251 We adopt the procedure announced by the third district in Obanion. Henceforth a denial of a petition for writ of prohibition will be a ruling on the merits, unless we state otherwise. Because the denial of prohibition in this case occurred prior to the rule which we have adopted, we consider appellant's speedy trial claim on the merits.
An extension of the speedy trial time period may be procured when "exceptional circumstances" are shown to exist. Fla. R.Crim. P. 3.191(i)(2). Those circumstances include "a showing by the state that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time." Rule 3.191(l)(3). The granting of an extension for exceptional circumstances is discretionary. Routly v. State, 440 So.2d 1257, 1261 (Fla.), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984). The trial court did not abuse its discretion in extending the speedy trial period under the facts of this case.
We have considered the other points raised by appellant and find them to be without merit. Affirmed.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, FARMER, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] We have recently cleared up the law of the case issue which can arise when we deny certiorari without opinion. Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996) (relying on Mystan Marine, Inc. v. Harrington, 339 So.2d 200 (Fla.1976)). We announced that if our entire opinion says only "certiorari dismissed" or "certiorari denied," that decision does not become the law of the case.
[2] In Barwick the Florida Supreme Court, although approving the procedure which we adopt from Obanion, adopted the opposite procedure for itself, announcing that if a denial of a petition for writ of prohibition is intended to foreclose further review on direct appeal, the order will state that it is with prejudice.