707 So.2d 934 (1998)
J. Curtis SUMNER, Petitioner,
v.
Selma R. SUMNER, Respondent.
No. 97-03513.
District Court of Appeal of Florida, Second District.
March 18, 1998.
James P. La Russa, Tampa, for Petitioner.
PER CURIAM.
J. Curtis Sumner petitioned this court for a writ of prohibition to review the trial court's denial of his motion to disqualify the assigned judge. His complaint arose from the trial judge's order granting an amended motion for rehearing without affording him an adequate opportunity to respond to the motion. Although failure to provide a fair opportunity to be heard may result in error subject to correction on appeal or, even occasionally, by common law certiorari, the allegations in this petition are not facially sufficient to warrant the issuance of a writ of prohibition to disqualify the trial judge. Thus, at an earlier time we denied the petition but indicated in an unpublished order that this opinion would follow.
The impact on post-trial review of a denial, without opinion, of a petition for writ of prohibition has been the subject of several decisions from the district courts of this state since this court in 1979 first dealt with the issue in Public Employees Relations Commission v. District School Board of De Soto County, 374 So.2d 1005 (Fla. 2d DCA 1979) [hereinafter PERC]. In that opinion we considered the decisions in other jurisdictions, for want of reference to any in Florida, and adopted the majority rule from cases collected in H.C. Lind, Annotation, Judgment Granting Or Denying Writ Of Mandamus Or Prohibition As Res Judicata, 21 A.L.R.3d 206, § 18 (1969). We wrote that "[t]he denial of a writ of prohibition without opinion is not res judicata unless the sole possible ground of the denial was that the court acted on the merits of the jurisdictional question, or unless it affirmatively appears that such denial was intended to be on the merits." PERC, 374 So.2d at 1010.
In 1986 the Third District announced in Obanion v. State, 496 So.2d 977, 980 (Fla. 3d *935 DCA 1986), that despite a "certain looseness in our past practices," the denial of a petition for writ of prohibition would constitute a ruling on the merits, foreclosing post-trial appellate review, unless otherwise indicated. See also Nordqvist v. Nordqvist, 586 So.2d 1282 (Fla. 3d DCA 1991); Freeman v. State, 554 So.2d 621 (Fla. 3d DCA 1989).
This position was subsequently endorsed by Judge Anstead in a concurring opinion in DeGennaro v. Janie Dean Chevrolet, Inc., 600 So.2d 44 (Fla. 4th DCA 1992). The Florida Supreme Court commented approvingly of the Obanion result and the concurrence in DeGennaro, but declined to adopt it in Barwick v. State, 660 So.2d 685, 690-91 (Fla.1995).
In 1997 the Fourth District joined the Third District by holding that prohibition petitions which are denied without comment are deemed denied on the merits and thus not subject to further review on direct appeal. See Hobbs v. State, 689 So.2d 1249 (Fla. 4th DCA 1997). Since then the Third District again applied this principle in Edwards v. State, 689 So.2d 1251 (Fla. 4th DCA 1997).
Subsequent case law from other districts adopts a different approach than we announced in PERC. Thus, we are compelled to revisit the question. Instead of endorsing the approach embraced by the Third and Fourth Districts, however, we see no reason to abandon the rule articulated in PERC. We indicated in PERC that the issue in a prohibition proceeding is finally disposed of if the court affirmatively demonstrates that intent, most typically reflected in a denial with prejudice, or if "the sole possible ground of the denial was that the court acted on the merits of the jurisdictional question." PERC, 374 So.2d at 1010. In the interest of informing litigants and their attorneys of this court's decisional policy in matters of this kind, we confirm the procedures declared in PERC in its application to simple orders denying prohibition petitions for which further appellate review is foreclosed, and these will continue to be denied with prejudice. The Florida Supreme Court in Barwick, while approving the position of the Third District, announced that petitions seeking prohibition relief in the supreme court based upon claims of judicial disqualification would thenceforth be foreclosed from direct review only in those circumstances in which the order denying the petition specifically determined that this denial was "with prejudice." Barwick, 660 So.2d at 691. This procedure, consistent with this court's determination in PERC, eliminates the possibility of the inadvertent issuance of a silent denial which was not determined on its merits and for which further review would then be procedurally barred under the approaches embraced by the Third and Fourth Districts.
We will continue to apply our PERC approach to all orders[1] denying prohibition. Such denials will not bar subsequent, post-trial review unless, of course, the order prescribes that the denial is with prejudice or it otherwise evinces an unequivocal determination by this court that the merits were considered.
Curtis Sumner's petition for writ of prohibition seeking review of the trial court's denial of his motion for disqualification, which this court denied in an unpublished order, was considered on the merits by this court. It is again denied, but now with prejudice.
DANAHY, A.C.J., and ALTENBERND and BLUE, JJ., concur.
NOTES
[1] In Barwick v. State, 660 So.2d 685, 691 (Fla. 1995), the supreme court confined its announced rule to prohibition proceedings challenging orders denying judicial disqualification. In Hobbs v. State, 689 So.2d 1249 (Fla. 4th DCA 1997), the Fourth District, adopting the rule of Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), applied the procedure to a prohibition proceeding raising a speedy trial question in a criminal prosecution, as had the court in Obanion. In Nordqvist v. Nordqvist, 586 So.2d 1282 (Fla. 3d DCA 1991), the Third District applied the rule of Obanion to a challenge to the trial court's jurisdiction to proceed with a motion for attorney's fees. In Freeman v. State, 554 So.2d 621 (Fla. 3d DCA 1989), the Third District applied Obanion to a challenge to the constitutionality of a criminal statute. We apply the rule confirmed in this opinion to all petitions identifying themselves as seeking prohibition relief.