GRIFFIN, C.J.
Charles G. Wright [‘Wright”] appeals his judgment and sentence for attempted trafficking in cocaine. Because the deadline to try appellant under the “speedy trial” rule expired, we reverse.
The State charged Wright by information on March 30, 1984 with one count of trafficking in cocaine. Wright was not arrested until 1995, when he was stopped for an unrelated offense in Oregon and transported back to Florida to stand trial.
Wright filed a demand for speedy trial on February 21, 1997. Pursuant to Florida Rule of Criminal Procedure 3.191(b)(1), the court held a calender call five days later, on February 26, 1997, to set the case for trial. That same day, the State filed a motion to compel and for sanctions.
According to the State, on November 4, 1996, the defense provided a witness list identifying three witnesses. The address for one witness stated “Connecticut, complete address to follow later.” Another witness was listed as “Custodian of Records” with an address for the Department of Corrections in Miami, Florida. The State asserts that there is no person employed at the Department with that title. Finally, a third name and address was listed, but the witness did not respond to the State’s requests to schedule an interview. The State moved the court to compel the defense to comply with the rules of discovery and provide the complete names and addresses of intended witnesses, in addition to the nature of the evidence to be provided at trial. The State also requested sanctions.
Also on the same day of the calender call, the State filed a motion to strike Wright’s demand for speedy trial or, in the alternative, to extend the speedy trial period. As grounds for its motion, the State asserted that Wright had requested numerous continuances in the past and as a result several State witnesses were no longer available. Further, the State argued that the defense’s non-compliance with the discovery rules indicated that the defense had not diligently prepared its ease and that it was unprepared for trial.
The court considered the State’s motions at the February 26, 1997 calendar call. At the hearing, the State informed the court that the previous day it had just received a supplemental witness list which contained the name of the records custodian for the Department of Corrections in Miami and that this late disclosure was grounds to strike Wright’s demand for speedy trial. The court granted the State’s motion to strike the demand for speedy trial on the grounds that the supplemental witness list established that the defense was not yet ready for trial:
COURT: I will grant the State’s motion to strike without prejudice and the Defense can file another demand immediately, if you so desire. At the [sic] point, because of the discovery you gave him yesterday, I think they are entitled to have the demand stricken. But I don’t think that is without prejudice. You can file a new one. We will have another calendar call five days after you file a new one.
With the understanding there is not going to be any more discovery filed after *265 the new demand is filed. When you tell me and the State you are ready for trial, you are ready for trial. You cannot be filing new discovery.
Wright filed a second demand for speedy trial on March 11, 1997. At a calendar call on March 17, 1997, the court granted the State a continuance based on the “late” disclosure of the records custodian and charged the continuance to the defense. The court set the trial date for May 5, 1997. The entirety of the proceeding follows:
DEFENSE: Finally, number 87, Charles Wright, who we’re ready for trial on.
COURT: Mr. Arthur?
STATE: Judge, February 4th the case was set for trial and I received a witness list listing a Miami witness on February 24th. I tentatively set the deposition of the person for mid April.
COURT: Ms. Winfough?
DEFENSE: Your Honor, I listed the custodian of records from the Miami Probation Office quite some time ago. Mr. Arthur indicated to me that he had — he didn’t have a name for that. I sent him the name of the person that I spoke with at the custodian of records down in Miami. That’s the late — so-called late witness that he’s talking about. We’re ready for trial.
COURT: When did you get the name of the witness, Mr. Arthur?
STATE: February 25, approximately three weeks after the case was set for trial on this trial docket. I made an attempt to contact by phone, unsuccessfully.
COURT: Do you have a deposition scheduled now?
STATE: Yes.
COURT: When is that scheduled?
STATE: The second week of April.
COURT: I’m going to grant the State’s request for a continuance of Mr. Wright’s case, I’ll put him back on the trial docket for May 5th. ■ At this time, I’ll charge the continuance to the Defense for the late disclosure of the witness.
At the next calendar call, on March 18, 1997, the court struck Wright’s second demand for speedy trial based on a typographical error in the case number and date on the demand. The defense filed a third demand for speedy trial on the same day, March 18, 1997.
On May 2, .1997, Wright filed a notice of expiration pf speedy trial directed to his third demand filed on March 18, 1997. According to Wright, the period pursuant to that demand expired on May 1,1997.
Also on May 2, 1997, the State moved the court to extend the speedy trial period based on the unavailability of a State witness. The defense filed an objection the same day. The court also heard the motion on May 2, 1997. The State argued that the speedy trial period had not yet expired since the court had previously granted a continuance until May 5, 1997, and that it was entitled to a continuance based on exceptional circumstances under Florida Rule of Criminal Procedure 3.191(Z).
The defense objected on the grounds that the court had erroneously denied its first demand for speedy trial since it had not listed á new witness, but rather, a name for the records custodian. The defense also argued that the State was not entitled to a continuance since the speedy trial period, calculated from its -March 18th demand, had expired on May 1, 1997. The court struck Wright’s May 2, 1997, notice of expiration of speedy trial and extended the speedy trial date to June 18,1997.
On May 29,1997, Wright filed an amended notice of expiration of speedy trial directed at his March 11,1997 demand.[1] On May 30, 1997, Wright filed a notice of expiration directed to his February 21, 1997, demand.[2] *266 Also on May 30, 1997, Wright filed an amended notice of expiration of speedy trial directed to his March 18,1997 demand.[3]
The court conducted a calendar call on June 5, 1997, and the State moved to strike Wright’s three notices of expiration. The court granted the State’s request finding that the period of speedy trial had not yet expired based on the extensions granted to the State on March 17,1997 and May 2,1997.
Wright filed a motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191(p) on June 11, 1997. The court conducted a hearing on the motion on June 13,1997. The court denied the motion based upon its earlier order granting the State a continuance on June 5, 1997. Wright was tried by jury on June 18-24,1997.
Wright correctly contends that striking his February 21, 1997 speedy trial demand was erroneous because the State failed to establish that he was unprepared for trial. He is entitled to a discharge because he was not brought to trial within the speedy trial period invoked by his demand.
Filing a supplemental witness list prior to the court’s calendar call does not evince an unwillingness or unpreparedness for trial. Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), review denied, 504 So.2d 768 (Fla.1987). In Obanion, the Third District Court of Appeal found that the defendant’s filing of an amended witness list on the same day as the scheduled trial date did not indicate an unpreparedness for trial under the speedy trial rule: ■
The addition of one witness to a previously filed defense list, supplied to the state under the defendant’s continuing duty to disclose under Fla.R.Crim.P. 3.220(f), meant only that the defendant had discovered an additional witness to call at trial, not that he was unprepared for trial without that witness. True, the defendant may have been better prepared to go to trial with this additional witness, but there is no showing in this record that the defendant was un prepared for trial without this witness.
Id. (emphasis in original). In this case, it appears that the defense had not gone so far as adding another witness as happened in Obanion, but rather was supplementing its earlier disclosure with the newly discovered name of the records custodian in Miami. It was error to strike the speedy trial demand based on the late specification of the name of the records custodian of the Department of Corrections.
Without the March 17th continuance, the speedy trial period, based on the February 21st demand, expired on April 12, 1997. Thus, the second continuance on May 2, 1997, was also invalid since under 3.191(f) the court may only grant a continuance if the speedy trial period has not expired. See Brown v. State, 715 So.2d 241 (Fla.1998).
Accordingly, the trial court’s striking of the May 30th notice of expiration and the subsequent denial of Wright’s motion for discharge based on the granting of the May 2nd continuance was error. The conviction must be reversed and Wright must be discharged from prosecution.
REVERSED and REMANDED.
COBB and ANTOON, JJ., concur.

. The notice of expiration incorrectly states that the demand was filed on March 4, 1997. Wright contended that his speedy trial period expired on April 23, 1997.

. Wright incorrectly stated that the demand was filed on February 19, 1997, instead of the actual filing date of February 21, 1997. Additionally, he stales that the period expired on April 10, 1997, yet on appeal correctly argues that the period expired on April 12, 1997.

. Wright states that the period expired on May 6, 1997, instead of May 7, 1997.