738 So.2d 410 (1999)
Kenneth SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1143.
District Court of Appeal of Florida, Fifth District.
June 25, 1999.
Charles P. Horn, Ocala, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
Kenneth Smith appeals his judgment and sentence entered by the trial court after a jury found him guilty of committing the crime of sexual battery.[1] He argues *411 that the trial court erred in denying his motion to dismiss on the basis that the prosecution constituted double jeopardy.[2] We affirm.[3]
Mr. Smith, a correctional officer at the Florida Correctional Institution at Lowell, was charged with committing a sexual battery against a female inmate at the institution. During trial the state called the victim to testify. The victim stated that she had discussed the crime with several people including a state investigator. She then spontaneously stated that the investigator "was just there to polygraph me. That's it." No objection followed. The prosecutor was apparently concerned that, at that point, the jury was left with the impression that the victim had taken a polygraph test, and without a follow-up question, the jury would also have the impression that she had failed the test. As a result, the prosecutor then asked, "Did you pass?" Again, no objection was raised. Finally, when the victim answered yes, the trial court asked defense counsel whether he wanted to object. Defense counsel accepted the invitation and objected. The objection was accompanied by a motion for mistrial which the trial court granted.[4]
After the trial court entered the order granting the mistrial, defense counsel moved to dismiss the sexual battery charge, alleging that subsequent prosecution would violate the prohibition against double jeopardy. Before the trial court ruled on the motion to dismiss, defense counsel petitioned this court for a writ of prohibition barring further prosecution asserting the same double jeopardy argument. Upon receipt of the petition, this court remanded the case to the trial court with instructions to rule on the pending motion to dismiss, and to specifically rule "whether or not the prosecutorial misconduct in the prior trial was intentionally calculated to provoke [Mr. Smith] into moving for a mistrial." See United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); see also Bell v. State, 413 So.2d 1292 (Fla. 5th DCA 1982). The trial court complied with these instructions and ruled that the prosecutor's question was not so intended. After issuance of the trial court's order denying the motion to dismiss, this court summarily denied the petition for writ of prohibition. A second trial resulted in Mr. Smith's conviction. This appeal followed.
Mr. Smith again argues that the trial court erred in denying his motion to dismiss and he maintains that this court's previous summary denial of his petition for writ of prohibition does not bar him from raising the same issue on direct appeal because this court did not explain the reasons for the denial. We disagree.
As noted by Justice Wells in Barwick v. State, 660 So.2d 685, 691 (Fla.1995), cert. denied, 516 U.S. 1097, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996), Florida's district courts disagree as to whether a summary denial of a writ of prohibition constitutes an absolute bar against raising the same issue on direct appeal. The third district, taking a more restrictive view, has held that "a denial of a petition for a writ of prohibition will, in fact, be a ruling on the merits, unless otherwise indicated." Obanion v. State, 496 So.2d 977, 980 (Fla. 3rd DCA 1986), rev. denied, 504 So.2d 768 (Fla.1987); see also DeGennaro v. Janie Dean Chevrolet, Inc., 600 So.2d 44 (Fla. 4th DCA 1992) (Anstead, J., concurring). The fourth district has also adopted this view. See Hobbs v. State, 689 So.2d 1249, 1251 (Fla. 4th DCA 1997) (en banc). On the other hand, the second district has held that the summary denial of a petition for writ of prohibition does not bar a defendant from raising the same issue on *412 direct appeal unless it can be affirmatively established that the denial of the petition was on the merits or that a merits determination was the only possible basis for denial. See Sumner v. Sumner, 707 So.2d 934, 935 (Fla. 2d DCA 1998).
Although not previously articulated, this court has followed procedures similar to those practiced in the second district. Unless a denial of a petition for writ of prohibition expressly states that the ruling is on the merits, or upon review it is evident that a merits determination was the only possible basis for denial, the ruling does not constitute the law of the case, and thus the same issue can be raised on direct appeal. Notwithstanding the persuasive reasoning set forth by the courts in Obanion and Hobbs, we decline to depart from our established practice.
Application of this practice to the instant case reveals that Mr. Smith is barred from again raising his double jeopardy claim on direct appeal because it is evident that our earlier denial of his petition for a writ of prohibition was a rejection of his double jeopardy argument. Our remand with instructions to the trial court to rule on the question of whether the prosecutor's conduct was calculated to provoke a mistrial is telling in that regard. Only after the trial court answered this question in the negative did we deny the petition. Because our earlier denial was clearly a ruling on the merits, it became the law of the case.
JUDGMENT and SENTENCE AFFIRMED.
HARRIS and GOSHORN, JJ., concur.
NOTES
[1] § 794.011(5), Fla. Stat. (1995).
[2] Art. I, § 9, Fla. Const.
[3] We reject as waived Mr. Smith's other claim of error. See § 90.104(1)(a), Fla. Stat. (1997).
[4] In the order granting the mistrial, the trial court explained that defense counsel did not object when the questions were asked because the microphone was not working.