# Third District Court of Appeal

**State of Florida**

Opinion filed November 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1921
Lower Tribunal No. 09-30724 B

_____

**The State of Florida,**
Petitioner,

vs.

**Adolfo Perez, Jr., et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for petitioner.

Daniel Tibbitt, for respondents.

Before SUAREZ, C.J., and ROTHENBERG and FERNANDEZ, JJ.

SUAREZ, C.J.

Because we find the trial judge should have disqualified himself, we grant the petition for writ of prohibition. We conclude that the motion for disqualification was legally sufficient, and that the trial judge's comments were

such that the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial. See Livingston v. State, 441 So. 2d 1083, 1087 (Fla. 1983). Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy. Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1928). Accordingly, the writ of prohibition must issue and we direct the trial judge to disqualify himself in all proceedings presently pending in lower court case number F09-30724B. We therefore grant the petition for writ of prohibition, but being confident that the trial judge will withdraw, we conclude that we need not formally issue the writ.

Petition granted.