DANIEL, Judge.
Defendant William Cruse, Jr., refused to obtain counsel when he was arrested and charged with six counts of first-degree murder, 28 counts of attempted first-degree murder, and two counts of kidnapping. Accordingly, the trial court appointed the public defender to represent him. However, shortly after the appointment was made, the public defender moved to withdraw, contending that the defendant was not indigent and therefore could not be represented by court-appointed counsel, and the trial court, after careful consideration, agreed. Nonetheless, since the defendant would not retain counsel, private counsel, in the person of attorney Burton Green, was appointed to represent him at county expense. That decision was quashed by this court in Brevard County *955 Board of County Commissioners v. State, 516 So.2d 968 (Fla. 5th DCA 1987), rev. denied, 528 So.2d 1183 (Fla.1988).
Attorney Green then filed a motion to reconsider the issue of the defendant’s indi-gency. As a consequence, on June 24, 1988, the court found the defendant to be indigent, because he could not pay for the services of an attorney and the necessary costs of investigation without substantial hardship to himself, and Green was again appointed as defendant’s trial counsel. However, in a sua sponte order entered July 5, 1988, the court revoked Green’s appointment, substituting the public defender as counsel for Cruse. This action resulted in a flurry of pro se motions by Cruse in which he sought to “disqualify” the public defender and have Green reinstated as his counsel of record. Defendant also attempted to discharge the public, defender on several occasions.
Finally, on September 27, 1988, the defendant for the first time advised the court that he and attorney Green had come to a private “arrangement” whereby Green would represent him, without compensation from public funds. At a hearing held October 6, 1988, Green also indicated that his substitution should not result in a delay of the trial, scheduled for March, 1989, barring any unforeseen circumstances. Nonetheless, the trial court denied the defendant’s motion to allow Green to appear as his private counsel, finding that the “protracted procedural maneuvers by Defendant ... threaten to obstruct the orderly progress of justice,” and holding that the right to counsel cannot be used as a weapon to interfere with the orderly administration of justice.
The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel of his choice. Although that right is not absolute and is circumscribed in certain respects,[1] the right of a defendant to counsel of his or her choice may not be arbitrarily, unnecessarily or unreasonably denied. See United States v. Nichols, 841 F.2d 1485, 1502 (10th Cir.1988); United States v. Ranken, 779 F.2d 956 (3d Cir.1986); Ford v. Israel, 701 F.2d 689, 692 (7th Cir.1983), cert. den., 464 U.S. 832, 104 S.Ct. 114, 78 L.Ed.2d 114 (1983).
Although the cases relied on by the trial court hold that a defendant’s right to counsel of his choice may not be used to obstruct the orderly administration of justice, they are factually distinguishable because they involve motions to change counsel made shortly before trial is scheduled.[2] In this case, the defendant’s request was made more than five months before the scheduled trial date and involved the reappointment of counsel who had represented him for more than a year. Under these circumstances, we reluctantly find that the trial court departed from the essential requirements of law in refusing to allow defendant the right to be represented by counsel of his choice when trial was not imminent and no prejudice would result. Accordingly, the petition for writ of certio-rari is granted, the order in question is quashed and the cause is remanded to the trial court for further proceedings in accordance herewith.
WRIT GRANTED; ORDER QUASHED.
SHARP, C.J., and ORFINGER, J„ concur.

. For instance, a defendant may not be represented by one who is not a licensed member of a bar nor may a defendant force an attorney to represent him against his will, Wheat v. United States, — U.S. -, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

. United States v. Burton, 584 F.2d 485 (D.C.Cir.1978), cert. den., 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979) (co-counsel withdrew morning of trial); United States v. McMann, 386 F.2d 611 (2d Cir.1967), cert. den., 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153 (1968) (counsel withdrew/was discharged by defendant after jury selection commenced); Lee v. United States, 235 F.2d 219 (D.C.Cir.1956) (counsel withdrew morning of trial). See also United States v. Gallop, 838 F.2d 105 (4th Cir.) cert. den., — U.S. -, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988) (motion to substitute made 5 days before trial).