556 So.2d 457 (1990)
David J. DUPONT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1210.
District Court of Appeal of Florida, Fourth District.
January 31, 1990.
*458 Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant seeks reversal of his battery conviction. We write to address whether evidence of an out-of-court verbal confrontation which occurred during the trial was properly admitted in evidence. We find no merit to the remaining issue.
Bad blood arose when appellant began to date the victim's ex-wife and erupted in a fistfight witnessed by the victim's girlfriend (at trial his wife). On direct examination appellant testified that he struck the victim in self-defense. On cross-examination appellant denied he verbally threatened the victim in an elevator as they departed the courthouse after a trial recess. The state presented rebuttal testimony to prove the elevator verbal threat took place. We reverse.
When a witness is testifying on cross-examination, any answer to a non-material collateral matter is conclusive and cannot be impeached by normal means of impeachment, including contradictory testimony by another witness. The test is whether the proposed testimony can be admitted into evidence for any purpose independent of the contradictions. There are two types of evidence that pass this test: (1) facts relevant to a particular issue; and (2) facts which discredit a witness by pointing out the witness' bias, corruption, or lack of competency. Gelabert v. State, 407 So.2d 1007, 1009-1010 (Fla. 5th DCA 1981). The elevator verbal threat which happened several months after the fistfight was irrelevant[1] and failed to meet the test. Section 90.609, Florida Statutes (1987), specifically requires that impeachment of a witness' credibility be by "evidence in the form of reputation," and that the evidence only refer to the witness' "character relating to truthfulness." Evidence of a defendant's pertinent character trait is inadmissible unless offered by the defendant. § 90.404(1)(a), Fla. Stat. (1987). From our review of the record, we conclude that appellant did not put his character trait for violence in issue. Even if he had, opinion testimony is the recognized method of proving character, section 90.405(1), Florida Statutes (1987), and error occurs when the prosecution is allowed to introduce rebuttal evidence of specific acts of violence or turbulence where the defendant only places his or her general reputation for being a peaceful person in issue. Cornelius v. State, 49 So.2d 332, 335 (Fla. 1950).
Although the state did not argue harmless error, because the self-defense aspect of the one-on-one fight witnessed only by the now wife of the victim hinged on the testimony of the appellant, we cannot say the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse appellant's conviction and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
DOWNEY and STONE, JJ., concur.
NOTES
[1] Evidence of other bad acts is inadmissible when used to prove a defendant's propensity to commit the charged crime. Williams v. State, 110 So.2d 654 (Fla. 1959).