651 So.2d 713 (1995)
David Bryan LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01993.
District Court of Appeal of Florida, Second District.
February 8, 1995.
Rehearing Denied March 15, 1995.
*714 Daniel R. Aidif of Aidif & Friedberg, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
David Lawson appeals his convictions and sentences for armed burglary, three counts of grand theft of firearms and one count of dealing in stolen property. We agree with Lawson's contention that the trial court erroneously allowed the jury to hear evidence of collateral crimes and, accordingly, reverse Lawson's convictions and remand for a new trial.
At trial, the victim testified that his house had been burglarized, firearms stolen and that Lawson had pawned one of the guns. Lawson testified that he purchased some of the guns from the victim. In addition, he testified that his wife (now ex-wife) and the victim were involved in a relationship and so were biased against him. On cross-examination, the state asked Lawson about his alleged *715 drinking problem, his alleged theft of money at the victim's birthday party, his placement of an advertisement in the local paper disparaging his ex-wife, his failure to work and his lifestyle of living from his wife's income. Lawson denied all the accusations leveled during the state's cross-examination.
The state then called the victim and Lawson's ex-wife as rebuttal witnesses. Both denied they were involved in a relationship. Both were then allowed to testify that, based upon their observations, they were sure Lawson had stolen money at the victim's birthday party. In summary, as the prosecutor stated in his closing argument, "This has been quite a Peyton Place. I think we tried everything but this case in this courtroom." We agree.
A complete recitation of the evidence presented at this trial is unnecessary. For our decision, we look no further than the rebuttal testimony, presented over objection, that Lawson stole money at the victim's birthday party. The admission of that testimony requires reversal for two reasons. First, it is evidence of a crime not charged and, second, it constitutes evidence of impeachment on a collateral matter.
Evidence of other crimes committed by a defendant is admissible if relevant to a fact in issue, even though it also points to the commission of a separate crime. But evidence of other crimes is inadmissible where its sole relevancy is to attack the defendant's character or to show the defendant's propensity to commit a crime. State v. Vazquez, 419 So.2d 1088 (Fla. 1982); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404, Fla. Stat. (1989). The testimony about the alleged theft of money was not relevant to any material fact related to the charges against Lawson. The victim's and ex-wife's testimony was relevant only to show Lawson's bad character and criminal propensity. Thus, the trial court erred in overruling Lawson's objection to the admission of this testimony.
Additionally, a witness' answer during cross-examination to a nonmaterial collateral matter is conclusive and cannot be impeached by normal means of impeachment, including contradictory testimony by another witness. Dupont v. State, 556 So.2d 457 (Fla. 4th DCA 1990). "The test is whether the proposed testimony can be admitted into evidence for any purpose independent of the contradictions." Dupont, 556 So.2d at 458. Two types of evidence pass this test: (1) facts relevant to a particular issue; and (2) facts which discredit a witness by pointing out the witness' bias, corruption, or lack of competency. Gelabert v. State, 407 So.2d 1007, 1009-1010 (Fla. 5th DCA 1981).
The test of relevancy and materiality is whether the cross-examining party could have, for any purpose other than impeachment, introduced evidence on the subject in its case in chief. Johnson v. State, 178 So.2d 724 (Fla. 2d DCA 1965). If the evidence is relevant to independently prove a material fact or issue, or if it goes to discredit a witness by pointing out bias, corruption, or lack of competency, it will be allowed. Gelabert, 407 So.2d at 1010. Here, the prosecution's use of the rebuttal and sur-surrebuttal testimony on clearly collateral conduct does not pass either of these tests.
In Czubak v. State, 570 So.2d 925, 928 (Fla. 1990), the Florida Supreme Court stated, "[E]rroneous admission of collateral crimes evidence is presumptively harmful." The error is harmless only "if it can be said beyond a reasonable doubt that the verdict could not have been affected by the error." Ciccarelli v. State, 531 So.2d 129, 132 (Fla. 1988). Because the case against Lawson depended on the credibility of either the victim or Lawson, we cannot find beyond a reasonable doubt that the verdicts were not affected by the testimony regarding additional criminal conduct by Lawson.
Lawson also contends that he was improperly cross-examined by the state regarding whether certain witnesses would be called by the defense. The prosecutor's questions implied that Lawson had the burden to produce evidence and prove his innocence. Such questioning was error. See Brown v. State, 593 So.2d 1210 (Fla. 2d DCA 1992).
Finally, we note that the wrong sentencing guidelines scoresheet was used in *716 sentencing Lawson. If Lawson is again convicted on these charges, the sentencing court shall use the category five scoresheet to impose sentence.
Accordingly, we reverse the judgments and remand for a new trial.
FRANK, C.J., and CAMPBELL, J., concur.