POLEN, Judge.
On November 4,1994, we granted the Writ of Prohibition, the effect of which precluded the assigned trial judge from presiding further over petitioner’s pending criminal cases. As indicated in our November 4, 1994 order, this opinion follows to explain our decision.
Petitioner filed a motion to disqualify the assigned trial judge, pursuant to Florida Rule of Judicial Administration 2.160. The motion alleged that the assigned judge, upon placing petitioner on probation in a February 1993 proceeding, stated that he [the judge] would “bury” the petitioner if he ever appeared again before that judge. Even assuming the truth of petitioner’s allegation (which the trial court must do on a motion for disqualification), had the judge simply denied petitioner’s motion as legally insufficient, we would have no hesitancy to deny prohibition. The alleged 'comment of the trial judge, if in fact it was made, would be in the vein of impressing on a defendant that a sentence of probation may represent a degree of leniency not likely to recur should the defendant commit a new crime or otherwise violate his probationary sentence.
The trial court, however, went beyond merely denying the motion. In response to discussion as to whether the alleged “I’ll bury you” comment was on or off the record, the trial court stated, “That’s not in the transcript? I don’t talk to anybody off the record. I have never used those words [‘] bury him[’ ”].
Because this constitutes an impermissible challenge by the trial judge as to the truth of the allegations in the motion to disqualify, we are compelled to grant the petition. Mac-Kenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990).
The respondent, following the issuance of our November 4, 1994 order, but before this opinion, filed a motion for rehearing. We have addressed the concerns raised by that motion in this opinion, and we will entertain no further motions for rehearing.
HERSEY and FARMER, JJ., concur.