689 So.2d 1251 (1997)
Michael EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1831.
District Court of Appeal of Florida, Fourth District.
March 19, 1997.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
DELL, Judge.
Michael Edwards appeals from an order revoking his probation. He contends that the trial court erred in denying him the right to retain counsel of his choice, in denying his request to discharge his appointed counsel without a Nelson hearing, and in denying his motion to disqualify the trial judge. We reverse.
Appellant has failed to demonstrate reversible error in his first two points on appeal. See Cruse v. State, 538 So.2d 954 (Fla. 5th DCA 1989); McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986); Smelley v. State, 486 So.2d 669 (Fla. 1st DCA 1986).
*1252 The state argues that appellant's third point on appeal is barred by the law of the case. In Edwards v. Speiser, 4th DCA No. 95-0121 (April 3, 1995), this court denied appellant's petition for writ of prohibition to disqualify the trial judge. Recently, in Hobbs v. State, No. 95-1876, 689 So.2d 1249 (Fla. 4th DCA 1997), this court addressed the effect of the denial of a writ of prohibition. We adopted the position taken by the Third District Court of Appeal in Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 768 (Fla.1987), that "[h]enceforth a denial of a petition for writ of prohibition will be a ruling on the merits, unless we state otherwise. Because the denial of prohibition in this case occurred prior to the rule which we have adopted, we consider appellant's speedy trial claim on the merits." Hobbs, at 1251. As in Hobbs, we will consider appellant's argument on the merits.
On December 22, 1994, appellant filed a motion and supporting affidavit for disqualification of the trial judge. Appellant relied on statements made by the trial judge on June 2, 1993 and on October 4, 1994 as the basis for his motion to disqualify. The record supports the trial court's conclusion that appellant's motion did not state legally sufficient grounds for disqualification. Furthermore, appellant failed to file the motion in a timely manner. See Foley v. Fleet, 644 So.2d 551 (Fla. 4th DCA 1994); Fla. R. Jud. Admin. 2.160(e).
However, we hold that the trial court erred in denying the motion to disqualify because of additional comments the trial court made during the hearing on the motion to disqualify. At the hearing, the following colloquy took place:
THE COURT: I find this motion to be insufficient.
DEFENSE COUNSEL: Insufficient?
THE COURT: Yes.
DEFENSE COUNSEL: Why is that?
THE COURT: That's all I'm saying. Thank you.
. . . .
DEFENSE COUNSEL: Judge, this motion has a signed affidavit attached. It's alleging all the facts. It's signed by Mr. Edwards. It's timely filed. I don't see where the legal insufficiency falls.
THE COURT: I know the attention you're trying to invoke from Court responses. And the opinions of the Court of Appeals are such that all the Court has to do is to make a determination to whether it's legally sufficient or insufficient, and this Court's position is it's insufficient.
DEFENSE COUNSEL: That's your only comment on that?
THE COURT: This is the second motion filed by your office in front of this Court involving a Defendant who claims that this Court made a statement that is not borne out by the transcript. Thank you. It's legally insufficient.
DEFENSE COUNSEL: ... I will bring you an order asking you to sign as to you denying the motion based on it's legal insufficiency and facts that are contained that are not in the record.
. . . .
THE COURT: I'm finding it legally insufficient, period. Not based on that. I'm finding it legally insufficient, the motion.
After further discussion, the court stated:
THE COURT: I would make a statement for the purpose of the Court of Appeals. I would note for the Court of Appeals that this is the second case where a defendant has come back in front of this Court and is facing a potentialbecause of the nature of the charge before this Courta potentially serious amount of time of incarceration where the same division public defenders have filed motions alleging that this Court had made statements concerning the defendants which are not borne out by the transcript.
And I would again state for the record that this Court did not state anything to any defendants off the transcripts. I'm saying this for the benefit of the Court of Appeals.
"When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone *1253 established grounds for his disqualification." Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978). In Cooper v. Speiser, 651 So.2d 718 (Fla. 4th DCA 1995), this court concluded:
The trial court, however, went beyond merely denying the motion. In response to discussion as to whether the alleged "I'll bury you" comment was on or off the record, the trial court stated, "That's not in the transcript? I don't talk to anybody off the record. I have never used those words [`]I'll bury him['"].
Because this constitutes an impermissible challenge by the trial judge as to the truth of the allegations in the motion to disqualify, we are compelled to grant the petition. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990).
Cooper, 651 So.2d at 719.
In the instant case, the transcript shows that defense counsel persisted in asking for an explanation of the trial court's ruling. The trial judge recognized that defense counsel was attempting to bait him into a comment on the truth of the allegations and stood fast, maintaining that he denied the motion for insufficiency. However, when defense counsel stated that he would prepare a proposed order explaining that the motion to recuse was being denied for insufficiency and because the alleged remarks were not in the record, the trial court fell prey to defense counsel's tactics. For the benefit of this court, the trial court responded that the court did not say anything to appellant "off the transcripts." The trial judge's response concerning the record and the statements made for the benefit of this court require disqualification. See Cooper, 651 So.2d 718; Bundy, 366 So.2d 440.
The state argues that Bundy should not apply where the defendant or his counsel incites or invites the trial court to comment on the truth of the allegations made in a motion to disqualify the trial judge. While we disapprove of and find defense counsel's persistent taunting of the trial judge to be unacceptable, the record compels us to conclude that the trial judge permitted defense counsel to create "an intolerable adversary atmosphere." See Department of Revenue v. Golder, 322 So.2d 1, 7 (Fla.1975). The trial judge should have summarily terminated the colloquy with counsel.
Accordingly, we reverse the order revoking appellant's probation and remand this cause with directions to the chief judge of the Seventeenth Judicial Circuit to reassign this case to another trial judge for further proceedings.
REVERSED and REMANDED.
STEVENSON and GROSS, JJ., concur.