PER CURIAM.
Leveritt and Associates, P.A., G. Richard Leveritt and Karen Leveritt petition this court to issue a writ of certiorari quashing the order of the circuit court acting in its appellate capacity which affirmed the final judgment entered by the trial court. Petitioners specifically challenge the circuit court’s ruling that it was without jurisdiction to consider the issue of whether the trial court erred in denying petitioner’s motion to disqualify the trial court. We conclude that the circuit court’s refusal to review this issue on appeal was a departure from the essential requirements of law resulting in a material injustice, the test outlined in Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995), and we, therefore, grant the petition, issue the writ, and quash the order of the circuit court. Because the order of the trial court denying the motion to disqualify improperly addressed the grounds raised in the motion, we order the circuit court to vacate any orders entered by the trial court after the denial of the motion and to remand to the trial court with instructions that a new trial judge be appointed to preside over the remainder of the proceedings.
The case below involves a bifurcated action seeking the dissolution of a partnership and an accounting of the affairs of the partnership. After the trial court determined that respondent was a partner of the petitioners, petitioners filed their motion to disqualify pursuant to Florida Rule of Judicial Administration 2.160. The trial court denied the motion to disqualify arid, after hearing the second stage of the bifurcated trial, entered its final judgment for damages and supplemental judgment for attorney’s fees, both of which orders petitioners appealed to the circuit court. In its order denying the motion to disqualify, the trial court improperly reviewed and attempted to rebut the factual allegations contained in appellant’s motion. This, as a matter of law, establishes sufficient grounds for the trial court’s disqualification. See Cave v. State, 660 So.2d 705 (Fla.1995); Bundy v. Rudd, 366 So.2d 440 (Fla.1978).
The circuit court concluded it was without jurisdiction to consider the trial court’s order denying the motion for disqualification because it was not specifically noticed for appeal. The circuit court erred in so concluding. In an appeal from a final order, the appellate court “may review any *1318 ruling or matter occurring before the filing of the final notice [of appeal].” Fla. R.App. P. 9.110(h). The circuit court also concluded that a challenge to the denial of a motion to disqualify must be raised by way of a petition for writ of prohibition, and that such a writ cannot be used to revoke judgments already entered. The circuit court is incorrect. A challenge to an order denying a motion to disqualify may be raised in a petition for writ of prohibition in accordance with the appellate rules, or it may be raised on direct appeal from the final judgment or order. See Barwick v. State, 660 So.2d 685 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996); Edwards v. State, 689 So.2d 1251 (Fla. 4th DCA 1997). The circuit court’s determination that it was without jurisdiction to consider the trial court’s ruling on petitioners’ motion to disqualify was a departure from the essential requirements of law. Because the trial court, in denying petitioners’ motion, improperly ruled on the factual allegations contained therein, which, as noted, conclusively establishes sufficient grounds for disqualification, we conclude that the circuit court’s refusal to consider the issue was a departure from the essential requirements of law which resulted in a material injustice. We, therefore, quash the order of the circuit court. On remand, the circuit court shall vacate any orders entered by the trial court after the date of the order denying the motion to disqualify and remand to the trial court for further proceedings consistent with this opinion.
Certiorari granted.
DANAHY, A.C.J., and CAMPBELL and BLUE, JJ., concur.