ALTENBERND, Acting Chief Judge.
Alvin Arrington appeals his convictions for capital sexual battery. We reverse and remand for a new trial because the State convinced the trial court to admit evidence that was inadmissible.
Based upon events allegedly occurring on the evening of June 22, 1995, Mr. Arrington was charged with five counts of sexual battery upon his 12-year-old step-daughter. His step-daughter testified to a lengthy encounter in which an intoxicated Mr. Arring-ton was home alone with her and forced her to perform numerous sex acts. She testified that he digitally penetrated her vagina, attempted to penetrate her vagina with his penis for five to ten minutes, inserted his penis into her anus without lubrication and moved up and down for ten minutes, hit her several times, and then forced her to engage in oral sex on him. Thereafter, while on a bed he masturbated in her presence until he ejaculated. She waited until he had showered and fell asleep and then she went to her *778 biological father’s home to report the incident.
Despite a thorough police investigation, no physical evidence of the crime was located on her clothes, on the bed, or in the home. A physical examination of the victim revealed no cuts or bruises, and no evidence of anal penetration other than some lines of redness at the opening of the anus, which could have resulted from other causes. There was no physical evidence of oral sex. Her vagina contained a white liquid that looked like semen, but tested to be some other substance.
Because there were no other witnesses to these events, the trial was primarily a credibility contest between the child and her stepfather, who denied that anything occurred. The child admitted that her step-father was very strict and that she wanted to live with her biological father. There were also pornographic video tapes in the young girl’s home and she knew where they were stored.
After the defendant testified on his own behalf, the prosecutor opened his cross-examination by asking Mr. Arrington whether he had attempted on five or six occasions to have anal intercourse with his wife. There was no objection to this question, and Mr. Arrington denied that he had. Shortly thereafter, the defense rested and the State announced its intention to call Mrs. Arring-ton.
The defense objected on the belief that Mrs. Arrington’s testimony would involve a Richardson violation. See Richardson v. State, 246 So.2d 771 (Fla.1971). The State represented: “There is no statement. There is no bad act. There is no Williams rule. There is nothing.” Thereafter, when Mrs. Arrington was allowed to testify, she told the jury that her husband had attempted to force her to engage in unlubricated anal intercourse on six occasions and only gave up when she started crying. The State did not ask her about any statement made by her husband during this conduct. The defendant immediately moved for a mistrial on grounds that the evidence was a Williams rule violation or otherwise inadmissible. See Williams v. State, 110 So.2d 654 (Fla.1959). The trial court denied the motion, and the jury convicted Mr. Arrington as charged. He was sentenced to four concurrent life sentences and a concurrent 30-year prison term.
The testimony that the State introduced was inadmissible for two reasons. First, it was improper collateral impeachment used to contradict answers provided during the State’s cross-examination. See Lawson v. State, 651 So.2d 713 (Fla. 2d DCA 1995). Lawson was issued fifteen months prior to this trial and involved a comparable error in the same courtroom. The collateral impeachment issue in this ease could have been better argued to the trial court by the defense attorney, who was surprised by the testimony. One wonders why the prosecutor, who clearly planned this sequence of events, was not more candid about the nature of Mrs. Arrington’s proposed testimony and the holding in Lawson. It is regrettable when any criminal trial is reversed because of sharp tactics by the State. It seems more regrettable when the ease involves charges of capital sexual battery.
Second, contrary to the prosecutor’s representations, this testimony was introduced to perform the function of Williams rule testimony. Had the prosecutor been candid in this regard, we are confident that this experienced trial judge would have conducted the required analysis and determined that Mrs. Arrington’s testimony involved sexual misconduct that was too dissimilar to allow its admission. See Saffor v. State, 660 So.2d 668 (Fla.1995); Moore v. State, 659 So.2d 414 (Fla. 2d DCA 1995).
We cannot declare the error in this ease to be harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Given that credibility was a major issue, we cannot hold that the error affected only the count alleging anal sexual battery. Accordingly, we reverse and remand for a new trial on all counts.
Reversed and remanded.
BLUE and WHATLEY, JJ., concur.