722 So.2d 843 (1998)
Antonio A. SUAREZ-MESA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03601.
District Court of Appeal of Florida, Second District.
November 6, 1998.
Rehearing Denied December 4, 1998.
James C. Banks, Special Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Antonio A. Suarez-Mesa appeals his multiple convictions and presents four issues which he asserts constitute reversible error. We find merit in only one of these issues. We agree the erroneous admission of the videotape of a bond hearing on other charges was so highly prejudicial that two of Suarez-Mesa's convictions must be reversed and remanded for a new trial. The State argues that even if the videotape's admission over Suarez-Mesa's objection was error, the error was harmless. Because we agree that the admission of the videotape was error and we cannot say the error was harmless beyond a reasonable doubt as to the convictions for first-degree murder and burglary of a dwelling while armed with a firearm, we reverse and remand for a new trial.
Following the death of his estranged wife, Suarez-Mesa was charged with and convicted of first-degree murder, burglary of a dwelling while armed with a firearm, violation of a domestic violence injunction, aggravated assault on a law enforcement officer with a firearm, and obstructing and opposing an officer with violence. The police were called to the Suarez-Mesa home, from which Suarez-Mesa had been barred by a domestic *844 violence injunction, to investigate a report of gunshots. When the police arrived, Suarez-Mesa came out of the house carrying a gun and a knife. He refused to surrender the weapons, and the officers shot him twice. Suarez-Mesa received injuries that required medical treatment at a local hospital. At trial, an emergency room technician testified that Suarez-Mesa confessed to him that he had killed his wife and had intended to commit suicide.
Suarez-Mesa testified at trial and denied going to his home to kill his wife. He claimed to have gone there to retrieve the remainder of his clothes. He testified an argument took place when he discovered his best friend's clothes hanging in the closet where he thought his clothes should be hanging. Suarez-Mesa testified that the argument led to his wife stabbing him with the knife he held when the police arrived at the scene, and that he shot her in self-defense. Suarez-Mesa had numerous stab wounds, which the State theorized were self-inflicted.
We agree with the State that it presented convincing evidence of guilt. However, the prosecution team, apparently not satisfied with Suarez-Mesa's confession and the eyewitness testimony of the police officers, submitted to the jury a videotape of Suarez-Mesa's bond hearing on other charges. This videotape was fraught with unquestionably inadmissible evidence. The bond hearing arose from Suarez-Mesa's previous arrest on charges of sexual battery and aggravated assault of his estranged wife, crimes not part of the prosecution in this case. In the videotape, Suarez-Mesa was shown dressed in prison clothes. His release on bond resulted from his wife announcing that she had forgiven him and therefore did not wish to prosecute. The bond hearing judge announced that the State could still pursue the charges of sexual battery and aggravated assault even though the victim did not wish to prosecute. The judge mentioned that the victim appeared nervous and asked if she had been threatened in any way. The trial judge overruled Suarez-Mesa's objection to the admission of the videotape and it was played for the jury.
This videotape was clearly inadmissable as evidence of other crimes. "Evidence of other crimes is inadmissible where its sole relevancy is to attack the defendant's character or to show the defendant's propensity to commit a crime." Lawson v. State, 651 So.2d 713, 715 (Fla. 2d DCA 1995) (citing State v. Vazquez, 419 So.2d 1088 (Fla.1982); Williams v. State, 110 So.2d 654 (Fla.1959); § 90.404, Fla. Stat. (1989)). The videotape might have been tangentially relevant to the issue of burglary because the bond hearing judge had barred Suarez-Mesa from his home as a condition of his release, but even that basis for admission was cumulative. The State presented as evidence the temporary injunction barring Suarez-Mesa from the home and proof of service of the injunction. It also introduced the permanent injunction barring Suarez-Mesa from the home. That injunction reflected that Suarez-Mesa was present at the hearing. Finally, the trial court read to the jury a stipulation between the State and Suarez-Mesa that a domestic violence injunction barring Suarez-Mesa from the home was in effect at the time of the incident. Because of the inadmissible evidence contained in the videotape, and the abundance of admissible evidence to establish that Suarez-Mesa was enjoined from the home, the trial court erred in admitting the videotape.
Although there was sufficient evidence to support the convictions for firstdegree murder and burglary of a dwelling while armed with a firearm, there was, at the least, conflicting evidence on these charges. This was not a case where the only choices available to the jury were either guilty or not guilty. The jury was instructed on six lesser-included offenses on the murder charge and nine lesser-included offenses on the burglary charge. The erroneous admission of collateral crimes evidence is presumptively harmful. See Czubak v. State, 570 So.2d 925, 928 (Fla.1990). The State asserts that in light of the overwhelming evidence, any error in admitting the videotape was harmless. When asserting the harmless error doctrine, the State has the burden of proving beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The State has not *845 met that burden as to the murder and burglary convictions because it has failed to prove that the jury would not have returned a verdict on a lesser-included offense, as instructed.
The State has met its burden in support of the convictions for violation of domestic violence injunction, aggravated assault of a law enforcement officer with a firearm, and obstructing and opposing an officer with violencecharges that Suarez-Mesa did not seriously contest. We conclude that the admission of the videotape, although prejudicial, was harmless error as to those charges and therefore we affirm those convictions. However, because the State failed to meet its burden of showing that the erroneous admission of the videotape was harmless error as to Suarez-Mesa's first-degree murder and burglary of a dwelling while armed with a firearm convictions, we reverse those two convictions and remand for a new trial.
Affirmed in part, reversed in part, and remanded for a new trial on the charges of first-degree murder and burglary of a dwelling while armed with a firearm.
PATTERSON, A.C.J., and CASANUEVA, J., concur.