869 So.2d 743 (2004)
Michael J. FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1500.
District Court of Appeal of Florida, Second District.
April 7, 2004.
*744 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Michael J. Foster appeals from a conviction for leaving the scene of a crash with injury.[1] We reverse and remand for a new trial because the trial court erred in allowing impeachment testimony regarding a collateral issue, whether Foster's brakes were functioning at the time of the accident.
Foster was involved in an automobile accident at 4 a.m. on October 5, 2002, when the car that he was driving went through a stop sign and hit another car driven by Sandra Sotomayor. Foster left the scene of the accident on foot, leaving behind two passengers in his car. Officer Patrick Bock arrived at the scene and spoke to the two passengers and Sotomayor. Officer Bock also searched for Foster in the area around the accident scene. Officer Bock then left a card at Foster's house, which was five or six blocks away from the accident scene.
Later that morning, Foster attempted to contact the officer and left a message for him. Officer Bock met with and interviewed Foster. Foster claimed that he had been hit on the head during the accident, he was dazed when he ran from his car, and he tripped and passed out in a ditch a short distance from the accident scene. Later, he walked home, saw the card left on his door by the officer, and fell asleep on the floor. When he awoke again at 9 a.m., he called and left a message for the officer.
During the interview, Foster also told Officer Bock that the reason he was unable to stop at the intersection was that the brakes on his vehicle had failed. To follow up on this information, Officer Bock asked *745 Officer Cale Stevens, an experienced automobile mechanic, to go to the wrecking yard where Foster's vehicle was located and try to ascertain whether the brakes were functional.
At the start of the trial, Foster moved in limine to prohibit the State from eliciting testimony from Officer Stevens concerning his testing and examination of Foster's brakes and Officer Stevens' opinion that the brakes were functional. The State argued that the evidence was relevant to impeach Foster's credibility. The trial court allowed Officer Stevens' testimony based on the rationale that the evidence went to Foster's credibility. As a result of this ruling, Officer Stevens testified at length about his determination that the brakes were operable.
We conclude that reversal is required on this issue because Officer Stevens' testimony was offered to impeach Foster's credibility on a collateral issue: whether or not the brakes were a cause of the accident. Generally, impeachment on a collateral issue is impermissible. See Daeda v. State, 841 So.2d 632, 635 (Fla. 2d DCA 2003). The test for determining whether a matter is collateral or irrelevant "`is whether the proposed testimony can be admitted for any purpose independent of the contradictions.'" Lawson v. State, 651 So.2d 713, 715 (Fla. 2d DCA 1995) (quoting Dupont v. State, 556 So.2d 457, 458 (Fla. 4th DCA 1990)). "Two types of evidence pass this test: (1) facts relevant to a particular issue; and (2) facts which discredit a witness by pointing out the witness' [sic] bias, corruption, or lack of competency." Lawson, 651 So.2d at 715 (citing Gelabert v. State, 407 So.2d 1007, 1009-1010 (Fla. 5th DCA 1981)).
The effect of the collateral impeachment testimony was to give the impression that Foster's poor driving rather than defective brakes caused the accident. However, the cause of the accident was not relevant to the crime charged, and the testimony impeaching Foster as to the cause of the accident could have swayed the jury to find Foster guilty for an improper reason.[2]
Due to our reversal, we need not reach Foster's other issue concerning improper closing arguments made by the prosecutor.
Reversed and remanded for a new trial.
WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] § 316.027(1)(a), Fla. Stat. (2002).
[2] Although it is not argued by Foster, we also note that the trial judge participated in the questioning of Officer Stevens to such an extent that it would have served to highlight this testimony as being of particular importance.