ROWE, J.
Gregory Tyrone Anderson challenges his conviction for sexual battery by arguing that the trial court abused its discretion by preventing defense counsel from impeaching the victim’s testimony about *647 the type of clothing she was wearing at the time of offense. Because this would have been improper impeachment on a collateral matter, we affirm.
Anderson and the victim were friends for a number of years prior to this incident. On the morning in question, the victim agreed to visit Anderson’s apartment. Anderson and the victim lay down on Anderson’s bed, and the victim testified that Anderson forced her to have sexual intercourse with him. The victim testified during her deposition that she was wearing jogging clothes at the time of the attack. At trial during cross-examination, defense counsel asked the victim “And you were actually dressed in pajamas. Correct?” The victim denied wearing pajamas. Defense counsel then asked the court to allow her to display to the jury the clothing that the victim was wearing at the time of the offense to impeach the victim’s statement that she was not wearing pajamas. Outside the presence of the jury, defense counsel showed the proposed exhibit to the victim, the victim identified the items as being the clothing that she wore, and the victim asserted that they were not pajamas. The trial court sustained the State’s objection because it found that the line of questioning was impeachment on a collateral matter. The jury ultimately found Anderson guilty of sexual battery. Anderson asserts that the trial court should have permitted the impeachment of the victim with regard to the type of clothing she wore at the time of the incident. We disagree.
The trial court’s ruling on the admissibility of evidence will not be reversed absent an abuse of discretion. McCray v. State, 919 So.2d 647, 649 (Fla. 1st DCA 2006). Section 90.608(5), Florida Statutes (2011), provides that a witness’s credibility may be attacked by “[p]roof by other witnesses that material facts are not as testified to by the witness being impeached.” (Emphasis added). “An issue is collateral for purposes of impeachment by contradiction, if it cannot be introduced for any reason other than contradiction.” Griffin v. State, 827 So.2d 1098, 1099 (Fla. 1st DCA 2002) (citing Lawson v. State, 651 So.2d 718, 715 (Fla. 2d DCA 1995)). “Two types of evidence pass this test: (1) facts relevant to a particular issue; and (2) facts which discredit a witness by pointing out the witnesses] bias, corruption, or lack of competency.’ ” Foster v. State, 869 So.2d 743, 745 (Fla. 2d DCA 2004) (quoting Lawson, 651 So.2d at 715).
The trial court did not abuse its discretion by refusing to allow defense counsel to impeach the victim with regard to the type of clothing she was wearing at the time of the incident. This line of questioning was an attempt to impeach the victim on a collateral matter because defense counsel was seeking only to contradict the victim’s assertion that she was wearing jogging clothes, rather than pajamas. This evidence was not relevant to any issue in the case as it did not reflect on Anderson’s guilt or innocence. Moreover, the victim’s alleged false characterization of her clothing did not show bias, corruption, or lack of competency as a witness. Further, we agree with the trial court that allowing questions with regard to the victim’s clothing at the time of the incident may imper-missibly venture into areas prohibited by the Rape Shield Law.[1]
Accordingly, we find no abuse of discretion by the trial court in refusing to allow *648 defense counsel to impeach the victim on this issue.
AFFIRMED.
MARSTILLER and RAY, JJ., concur.

. Florida's Rape Shield Law prohibits "evidence presented for the purpose of showing that manner of dress of the victim at the time of the offense incited the sexual battery...." § 794.022(3), Fla. Stat. (2011).