Warner, J.
dissenting.
The appellate standard of review for a judge’s denial of a motion for recusal is de novo, Peterson v. Asklipious, 833 So.2d 262, 263 (Fla. 4th DCA 2002). Thus, this court must take the statements in the affidavit as true and determine whether they would prompt, a reasonably prudent person to fear that he could not get a fair trial. Fla. R. Jud. Admin. 2.330; see also Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). The motion and affidavit in this case met that test.
There is a difference between a judge trying to control the courtroom and a judge showing hostility and bias toward counsel. While some of the actions of the trial judge may fall nominally into the category of courtroom control, others, such *840 as turning her back to counsel while counsel was arguing, simply show hostility. The majority goes beyond the statements in the affidavit in dismissing them as not being shown in context of the trial. It is not necessary for the affidavit to indicate “when or why the judge engaged in this .conduct or whether the State’s attorney was treated in a similar fashion.” The affidavit’s statements are deemed as true, and -the court must only review what was before the court on disqualification.
Furthermore, the trial judge contested the truth of the allegations, which also requires her recusal. See Fla. R. Jud. Admin. 2.330(f) (“[A]n order of denial shall not take issue with the motion.”); see also MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1339 (Fla. 1990). The affidavit stated that the defendant, and thus the jury, could hear the judge’s angry interactions with counsel over the noise-cancelling devices at the bench. During the hearing on the motion, the court insisted that the jury could not hear what was occurring at the bench, even though the defendant swore in his affidavit that he could hear at counsel’s table. By attempting to refute the statements in the affidavit, the court took issue with the motion and thus necessitated recusal. Edwards v. State, 689 So.2d 1251, 1252-53 (Fla. 4th DCA 1997), “When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification.” Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978).
As to the second issue, I would also reverse. The multiple-day delay in giving a curative instruction did not erase the harmful admission of the officer’s statement that the non-testifying child gave him a description of the perpetrator, which led to defendant’s arrest. I agree with the analysis in Melehan v. State, 126 So.3d 1118, 1125-26 (Fla. 4th DCA 2012), that where inadmissible and highly damaging statements are heard by the jury, a significant delay in giving a curative instruction compounds the harmful effect and constitutes an abuse of discretion, which should result in reversal for a new trial.